IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

AUG 08 2025

MITCHELL R. ELFERS
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ISIAH JAMES GUTIERREZ ARQUERO,<br><br>Defendant. | No. CR 24-1213 MLG |

## PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States of America, by the United States Attorney for the District of New Mexico, and the Defendant, ISIAH JAMES GUTIERREZ ARQUERO, with the advice and counsel of his attorney, Hadley Brown. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

### REPRESENTATION BY COUNSEL

1.      Defendant understands his right to be represented by an attorney and is so represented. Defendant has thoroughly reviewed all aspects of this case with his attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF DEFENDANT

2.      Defendant further understands his rights:

      a.      to plead not guilty, or having already so pleaded, to persist in that plea;

      b.      to have a trial by jury; and

1

    c.    at a trial:

        i.    to confront and cross-examine adverse witnesses,

        ii.    to be protected from compelled self-incrimination,

        iii.    to testify and present evidence on his own behalf, and

        iv.    to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.    Defendant agrees to waive these rights and to plead guilty to Counts 1 and 3 of the indictment, charging violations of: (Ct. 1) Assault Resulting in Serious Bodily Injury, 18 U.S.C. §§ 1153 & 113(a)(6); and (Ct. 3) Assault of Intimate or Dating Partner by Strangling or Attempting to do so, 18 U.S.C. §§ 1153 & 113(a)(8).

## SENTENCING

4.    Defendant understands that the maximum penalties provided by law for these offenses are:

**Ct. 1 – Assault Resulting in Serious Bodily Injury**

    a.    imprisonment for a period of not more than 10 years;

    b.    a fine not to exceed the greater of $250,000 or twice the pecuniary gain to Defendant or pecuniary loss to the victim;

    c.    a term of supervised release of not more than three years to follow any term of imprisonment. (If Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, Defendant's supervised release could be revoked — even on the last day of the term — and Defendant could then be returned to another period of incarceration and a new term of supervised release.);

  d. a mandatory special penalty assessment of $100.00; and

  e. restitution as may be ordered by the Court.

### Ct. 3 – Assault of Intimate or Dating Partner by Strangling or Attempting to do so

  a. imprisonment for a period of not more than 10 years;

  b. a fine not to exceed the greater of $250,000 or twice the pecuniary gain to Defendant or pecuniary loss to the victim;

  c. a term of supervised release of not more than three years to follow any term of imprisonment. (If Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, Defendant's supervised release could be revoked — even on the last day of the term — and Defendant could then be returned to another period of incarceration and a new term of supervised release.);

  d. a mandatory special penalty assessment of $100.00; and

  e. restitution as may be ordered by the Court.

5. The parties recognize the federal sentencing guidelines are advisory and the Court is required to consider them in determining the sentence it imposes. Defendant further recognizes that while his attorney may have made a prediction or estimate of the sentence that the Court may impose, Defendant understands the Court is not bound by any such estimate or prediction.

### ELEMENTS OF THE OFFENSES

6. If this matter proceeded to trial, Defendant understands the United States would be required to prove, beyond a reasonable doubt, the following elements for violations of the charges listed below:

3

**Ct. 1 – Assault Resulting in Serious Bodily Injury, 18 U.S.C. §§ 1153 & 113(a)(6)**

*First*: Defendant assaulted Jane Doe;

*Second*: Defendant's assault caused Jane Doe "serious bodily injury." This means bodily injury which involves a substantial risk of death, extreme physical pain, protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental faculty;

*Third*: Defendant is an Indian; and

*Fourth*: This crime occurred in Indian Country.

**Ct. 3 – Assault of Intimate or Dating Partner by Strangling or Attempting to do so, 18 U.S.C. §§ 1153 & 113(a)(8)**

*First*: Defendant assaulted Jane Doe;

*Second*: Jane Doe was a "dating partner" of Defendant. This means Doe is or has been in a social relationship of a romantic or intimate nature with Defendant. One may determine whether such a relationship existed by considering the length of the relationship, the type of relationship, and the frequency of interaction between Defendant and Doe;

*Third*: The assault occurred by "strangling" or attempting to strangle Doe. Strangling means intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of a person by applying pressure to the throat or neck, regardless of whether that conduct results in any visible injury or whether there is any intent to kill or protractedly injure;

*Fourth*: Defendant is an Indian; and

*Fifth*: The crime occurred in Indian Country.

**DEFENDANT'S ADMISSION OF FACTS**

7. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offenses to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if

I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offenses to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the indictment that increase the statutory minimum or maximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

> **In the early morning hours of Thursday, September 21, 2023, I had an argument with my girlfriend, Jane Doe, at my home within the exterior boundaries of the Santa Clara Pueblo. During this fight, I punched Doe with my fists and kicked her. I kicked Doe when she was on the ground. I threw her against the walls of my bedroom, which resulted in a hole in the wall. I sat on Doe's chest and strangled Doe with both of my hands. I agree that my assault of Jane Doe resulted in serious bodily injury, to include bruises, cuts, and swelling to Doe's body.**
>
> **I agree that at the time I assaulted Jane Doe, she was my "dating partner" under federal law.**
>
> **Finally, I agree I am a member of the Santa Clara Pueblo, a federally recognized Indian tribe. I am thus an "Indian" under federal law.**

8.      By signing this agreement, Defendant admits there is a factual basis for each element of the crimes to which Defendant is pleading guilty and agrees to affirm the facts set forth above during the plea colloquy. Defendant agrees the Court may rely on any of these facts, as well as facts in the presentence report, to determine Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## **RECOMMENDATIONS**

9. Pursuant to Rule 11(c)(1)(B), the United States and Defendant recommend as follows:

   a. The United States agrees to recommend a sentence at the low end of the guideline range as calculated by the Court. This recommendation does not extend to any sentence to be imposed upon revocation of probation or supervised release.

   b. As of the date of this agreement, Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for Defendant's criminal conduct. Consequently, pursuant to U.S.S.G. § 3E1.1(a), so long as Defendant continues to accept responsibility for his criminal conduct, Defendant is entitled to a reduction of two levels from the base-offense level as calculated under the sentencing guidelines, and if applicable, a reduction of an additional offense level pursuant to U.S.S.G. § 3E1.1(b). Further, the United States is free to withdraw this recommendation if the Defendant engages in any conduct that is inconsistent with acceptance of responsibility between the date of this agreement and the sentencing hearing. Such conduct would include committing additional crimes, failing to appear in Court as required, and/or failing to obey any conditions of release that the Court may set.

   c. Defendant understands the above recommendations are not binding on the Court and that whether the Court accepts these recommendations is a matter solely within the discretion of the Court after it has reviewed the presentence report. Further, the Defendant understands that the Court may choose to vary from the advisory guideline sentence. If the Court does not accept any one or more of the above

recommendations and reaches an advisory guideline sentence different than expected by the Defendant, or if the Court varies from the advisory guideline range, Defendant will not seek to withdraw his plea of guilty. In other words, regardless of any of the parties' recommendations, Defendant's final sentence is solely within the discretion of the Court.

10. Apart from the recommendations set forth in this plea agreement, the United States and Defendant reserve their rights to assert any position or argument with respect to the sentence to be imposed, including but not limited to the applicability of particular sentencing guidelines, adjustments under the guidelines, departures or variances from the guidelines, and the application of factors in 18 U.S.C. § 3553(a).

11. Regardless of any other provision in this agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court, including but not limited to information about the recommendations contained in this agreement and any relevant conduct under U.S.S.G. § 1B1.3.

## DEFENDANT'S ADDITIONAL AGREEMENT

12. Defendant understands his obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. Defendant represents that he has complied with and will continue to comply with this obligation.

13. Defendant agrees that any financial records and information provided by Defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

14. Except under circumstances where the Court, acting on its own, fails to accept this plea agreement, Defendant agrees that, upon his signing of this plea agreement, the facts he has admitted under this plea agreement as set forth above, as well as any facts to which he admits in open court at his plea hearing, shall be admissible against him under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and he expressly waives his rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts he admits in conjunction with this plea agreement. The Court has not acted on its own if its rejection of the plea agreement occurs after Defendant has expressly or implicitly suggested to the Court a desire or willingness to withdraw his or her plea or not to be bound by the terms of this plea agreement.

15. Defendant agrees that, upon his signing of this plea agreement, the facts that Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and Defendant expressly waives his rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts he admits in conjunction with this plea agreement.

16. By signing this plea agreement, Defendant waives the right to withdraw Defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless: (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5); or (2) the Defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal. Furthermore, Defendant understands if the Court rejects the plea agreement, whether or not Defendant withdraws the guilty plea, the United States is relieved of

any obligation it had under the agreement and Defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

17. Defendant will not willfully fail to appear for any court appearance in this matter, nor willfully fail to surrender as ordered for service of any sentence.

18. Defendant agrees not to engage in conduct that would constitute a new crime. Offenses that would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this paragraph's agreement.

19. Defendant agrees not to engage in conduct that would constitute obstructing or impeding the administration of justice under U.S.S.G. § 3C1.1.

## RESTITUTION

20. The parties agree that, as part of Defendant's sentence, the Court will enter an order of restitution pursuant to the Mandatory Victim's Restitution Act, 18 U.S.C. § 3663A, if applicable; if § 3663A is not applicable, the Court will enter an order of restitution pursuant to 18 U.S.C. §§ 3663 and 3664.

21. No later than July 1 of each year after sentencing, until restitution is paid in full, Defendant shall provide the Asset Recovery Unit, United States Attorney's Office, 201 Third Street NW, Suite 900, Albuquerque, New Mexico 87102: (1) a completed and signed financial statement provided to Defendant by the United States Attorney's Office and/or the United States Probation Office; and (2) a copy of Defendant's most recent tax returns.

## WAIVER OF APPEAL AND POST-CONVICTION RIGHTS

22. Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford the right to appeal a conviction and the sentence imposed. Acknowledging that, Defendant knowingly waives

the right to appeal his convictions and sentence, as well as any order of restitution entered by the Court. This waiver extends to any challenge to the manner in which the sentence was determined or imposed, including the district court's authority to make findings supporting the sentence.

23. Defendant also waives the right to appeal any sentence imposed below or within the guideline range upon a revocation of supervised release in this cause number but may nonetheless appeal the determination of the revocation guideline range.

24. Defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c) where such denial rests upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a).

25. In addition, Defendant agrees to waive any collateral attack to Defendant's convictions and any sentence, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

### GOVERNMENT'S ADDITIONAL AGREEMENT

26. Provided Defendant fulfills Defendant's obligations as set out above, the United States agrees that:

   a. Following sentencing, the United States will move to dismiss Count 2 of the indictment.

   b. The United States will not bring additional criminal charges against Defendant arising out of the facts forming the basis of the present indictment.

### VOLUNTARY PLEA

27. Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this

agreement and any addenda). There have been no promises from anyone as to what sentence the Court will impose. Defendant also represents that he is pleading guilty because he is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

28. Defendant agrees that if the Court finds by a preponderance of the evidence that Defendant has violated any provision of this agreement, the United States will be released from its obligations under the agreement.

29. Defendant further agrees that in the event the Court finds he has breached this plea agreement, thus releasing the United States of its obligations under the agreement, such events do not constitute a fair and just reason under Rule 11(d)(2)(B) for withdrawing the guilty pleas entered pursuant to this agreement.

30. Following the Court's finding of a breach of this agreement by Defendant, should the United States choose to pursue any charge that was either dismissed or not filed as a result of this agreement, Defendant waives any defense to that charge or charges based on the lapse of time between the entry of this agreement and the Court's finding of a breach by Defendant.

## SPECIAL ASSESSMENT

31. At the time of sentencing, Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $200 in payment of the special-penalty assessment described above.

## ENTIRETY OF AGREEMENT

32. This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. This agreement is effective upon signature by Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this 8th day of August, 2025.

RYAN ELLISON
United States Attorney

*[signature]*

**Zach Jones**
Assistant United States Attorney
201 Third Street, Suite 900
Albuquerque, New Mexico 87102
(505) 346-7274

    I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. In addition, I have explained to my client the elements to each offense to which she/he is pleading guilty. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

*[signature]*

**Hadley Brown**
Attorney for Defendant

    I have carefully discussed every part of this agreement with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement.

*[signature]*

**Isiah James Guderrez-Arquero**
Defendant